UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHKA LAMPKIN AND ROBERT CORTEZ,<br><br>            Plaintiffs,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, M. SPANGER in his official capacity, and MATTHEW CORTEZ,<br><br>            Defendants. | No. 2:20-cv-01204-JAM-JDP<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on Defendant County of Sacramento's motion for summary judgment. See Def.'s Motion for Summary Judgement ("MSJ"), ECF No. 17. Plaintiffs filed an untimely opposition. See Opp'n, ECF No. 18. Under the discretion provided by the Court's local rules, the Court shall construe Plaintiffs' "failure to file a timely opposition [...] as a non-opposition to the motion." E.D. Cal. Local R. 230(c). For the reasons set forth below, the Court GRANTS Defendant's motion for summary judgment.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 26, 2022. Despite the lack of an opposition, the Court still considered the motion on its merits.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

This case involves the unwitting disclosure of a victim's mailing address to her previous partner and abuser.  Having reviewed the declaration and exhibits submitted in support of Defendant's motion, the Court finds that the undisputed facts are as follows.

Plaintiffs Trishka Lampkin and her son Robert Cortez sued Defendants County of Sacramento and Martha Spagner[2] for disclosing Plaintiff Lampkin's address to Defendant Matthew Cortez.  See Compl., ECF No. 1.  As deputy clerk for the Superior Court of California, County of Sacramento, Defendant Spagner mailed a "Certificate of Mailing/Distribution" to Trishka Lampkin, Robert Cortez, and Matthew Cortez to distribute copies of a minute order issued by the Superior Court.  Exh. A, ECF No. 17-5.  The Certificate of Mailing/Distribution contained the mailing addresses of all recipients, thus alerting Defendant Cortez to Plaintiff Lampkin's location.  Id.

At all relevant times, Defendant Spagner was an employee of the Superior Court of California, County of Sacramento. Defendant Spagner was not an employee of the County of Sacramento.  See Decl. of Alice Kruegar, ECF No. 17-5.  The Superior Court is a State of California entity, separate from the County of Sacramento.  Id.

Plaintiffs filed suit in June, 2020 alleging three causes of action: (1) Violation of Substantive Due Process under 42 U.S.C. § 1983; (2) Monell Liability under 42 U.S.C. § 1983; and

---

[2] Erroneously named as "Martha Spangner" in the Complaint.

2

1  (3) Declaratory Relief.  Defendant County of Sacramento moves for
2  summary judgment on all claims.

##                              II.   OPINION

### A.   Legal Standard for Summary Judgment

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Summary judgment should be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury.  Celotex Corp. v. Catrett, 477 U.S. 317, 327, (1986).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, (1992); Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case.  Celotex, 477 U.S. at 323.

### B.   Discussion

For the purpose of the present motion, Plaintiffs do not oppose summary judgment, having failed to submit a timely opposition.  In the absence of an opposition, the Court nevertheless decides a motion for summary judgment on its merits. See Cristobal v. Siegel, 26 F.3d 1488, 1494-95 (9th Cir. 1994) (holding that an unopposed motion may be granted only after the court determines there are no material issues of fact). Defendant, therefore, must still meet its burden of showing the

absence of a genuine issue of material fact. If the undisputed facts as found by the Court in the preceding section support an entry of judgment as a matter of law, then Defendant is entitled to judgment.

### 1. Claim One: Substantive Due Process

The substantive component of the Fourteenth Amendment Due Process Clause "forbids the government from depriving a person of life, liberty, or property in such a way that . . . interferes with rights implicit in the concept of ordered liberty," no matter how many procedural safeguards are in place. Engquist v. Oregon Dept. of Agric., 478 F.3d 985, 996 (9th Cir 2007). To state a claim for a substantive due process violation, Plaintiffs must show that a challenged state action either "shocks the conscience" or arbitrarily deprives him of a fundamental right. United States v. Salerno, 481 U.S. 739, 746 (1987). A county cannot be held vicariously liable for the civil rights violations of its employees, much less non-employees. Monell v. Dept of Soc. Servs., 436 U.S. 658, 691 (1978). Because Defendant County of Sacramento does not employ Defendant Spagner and because Plaintiffs have not alleged any state action on the part of Defendant County, the Court finds as a matter of law that Defendant County is entitled to summary judgment as to the first claim.

### 2. Claim Two: Monell Liability

Under Monell, municipalities can be sued directly under 42 U.S.C. § 1983 for an unconstitutional custom, policy, or practice. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). To establish municipal liability, a plaintiff must

establish: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to 'deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt ex rel. Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (internal citation omitted).

   The Court finds as a matter of law that Plaintiffs cannot establish the first or fourth element of a Monell claim.  As explained, Plaintiffs have not established an underlying constitutional violation attributable to Defendant County of Sacramento.  Further, even if Plaintiffs were to establish an underlying violation, because Defendant County has no say in the machinations of the Superior Court, none of the County's policies could be the "moving force" behind Defendant Spagner's actions. The fourth element is therefore not satisfied.  For these reasons, the Defendant County is entitled to summary judgment on this claim.

         3.    Claim Three: Declaratory Relief

   Because summary judgment in favor of Defendant County is appropriate on the forgoing claims, there are no claims left to support Plaintiffs' claim for declaratory relief.  Defendant County is therefore entitled to summary judgment on this third claim.

///
///
///
///

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant County of Sacramento's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: August 10, 2022

/s/ John A. Mendez
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE