UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHKA LAMPKIN AND ROBERT CORTEZ,<br><br>            Plaintiffs,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, M. SPAGNER in his official capacity, and MATTHEW CORTEZ,<br><br>            Defendants. | No.  2:20-cv-01204-JAM-JDP<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS** |

This matter is before the Court on the County of Sacramento's ("Defendant") Motion for Sanctions. See Mot. for Sanctions ("Mot."), ECF No. 14. For the following reasons, Defendant's motion is granted.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On June 16, 2020, Plaintiffs filed a complaint against Defendants County of Sacramento, M. Spanger, and Matthew Cortez. ECF No. 1. Plaintiffs' complaint alleges that M. Spanger ("Spanger") divulged Plaintiff Trishka Lampkin's ("Lampkin")

---

[1] Plaintiff's counsel filed an untimely opposition. Opp'n, ECF No. 19. Under the discretion provided by Local Rule 230, the Court shall construe Plaintiffs "failure to file a timely opposition [. . .] as a non-opposition to the motion." L.R. 230. The Court has decided this motion for sanctions on its merits, despite the absence of an opposition.

1

private residential address to Matthew Cortez who is allegedly serving a life sentence for inflicting serious physical harm on Lampkin. Id. Plaintiffs named the County of Sacramento as a Defendant in their complaint, alleging it was under the authority of the Superior County of the State of California and the employer of Spanger. Id. On June 22, 2020, Defendant informed Plaintiffs' counsel that the County of Sacramento does not and has never employed Spanger. From June 2, 2020 to April 29, 2022, the parties conferred about Spanger's employment. Throughout this period, Defendant warned Plaintiffs' counsel five separate times it was the improper defendant and would be moving for summary judgment and sanctions if the complaint was not amended. The Court granted Defendant's motion for summary judgment on August 10, 2022.

On April 7, 2022, Defendant formally notified Plaintiffs' counsel of its intention to file a motion for sanctions, allowing Plaintiffs' counsel to withdraw their pleading within 21 days to avoid sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. ECF No. 14-2 at Ex. H. On April 29, 2022, Plaintiffs' counsel sent an email to Defendant indicating they would not withdraw their pleading. Id. On May 6, 2022, Defendant brought this Motion for Sanctions. ECF No. 14.

## II. OPINION

Defendant seeks monetary sanctions against Plaintiffs and Plaintiffs' counsel pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, 28 U.S.C. §1927, and the Court's inherent powers. Because Defendant does not describe any misconduct by Plaintiff Trishka Lampkin or Plaintiff Robert Cortez, the Court

2

limits its analysis to Plaintiffs' counsel's conduct.

## Discussion

### 1. Sanctions Pursuant to Rule 11

Defendant argues the Court should impose Rule 11 sanctions because Plaintiffs' counsel alleged unsupported facts in its complaint and failed to conduct a reasonably competent inquiry. ECF No. 14-1 at 1.  Rule 11 requires that pleadings and motions contain allegations and factual contentions that "have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" and the claims and other legal contentions must be "warranted by existing law or by a nonfrivolous argument."  Fed. R. Civ. P. 11(b)(2)-(3).  To determine whether a complaint is frivolous or without evidentiary support, the Court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it."  Christian v. Mattel, Inc., 286 F. 3d 1118, 1127 (9th Cir. 2002) (internal quotations and citations omitted).

As an initial matter, Defendant has satisfied the 21-day notice requirement for a Rule 11 sanctions motion.  Fed. R. Civ. P. 11(c)(2).  Defendant contends Rule 11 sanctions are appropriate because the complaint is factually baseless.  ECF No. 14-1 at 5.  The complaint in this action alleges misconduct involving the disclosure of Plaintiff Lampkin's living address as listed on the June 17, 2019 Certificate of Mailing/Distribution

3

from Plaintiff Cortez's juvenile case by Spagner. ECF No. 14-2 at Ex. B. Defendant successfully argues that Spagner is not an employee of the County of Sacramento, and the County of Sacramento is therefore not the proper party for the suit. ECF No. 14-1 at 2. The certificate plainly states that Spagner is a "Deputy Clerk of the Superior Court of the **State of California**, County of Sacramento," and is therefore, an employee of the State of California. ECF No. 14-2 at Ex. B (emphasis added). Defendant informed Plaintiffs' counsel of this fact and even sent a letter from the Department of Personnel Services for the County of Sacramento confirming Spagner is not and never was a County employee. ECF No. 14-1 at 2-3. Defendant warned Plaintiffs' counsel that the claims against it were misplaced and therefore without merit. Defendant indicated to Plaintiffs' counsel throughout the litigation that it considered the claims baseless and found that Plaintiffs' counsel did not reasonably investigate. ECF No. 14-2 at Ex. A-H.

In sum, Defendant has shown that Spagner is not and never was employed by the County of Sacramento. The Court thus finds the complaint lacks sufficient facts to support a claim against Defendant County of Sacramento.

Defendant next argues that Plaintiffs' counsel failed to conduct a reasonable and competent inquiry by failing to confirm Spagner's employer before filing their complaint. ECF No. 14-1 at 6. Defendant states that any reasonable research would have revealed that clerks of the Superior Court of the State of California are not County employees. ECF No. 14-1 at 5-6. Again, the certificate at the root of these claims plainly states

that Spagner is a "Deputy Clerk of the Superior Court of the State of California, County of Sacramento," and is therefore, an employee of the State of California. ECF No. 14-2 at Ex. B. Accordingly, the Court finds Plaintiffs' counsel failed to conduct a reasonably competent inquiry before filing suit; simply relying on the certificate does not constitute a reasonable and competent inquiry.

For these reasons, the Court finds Plaintiffs' complaint is factually baseless, and Defendant provided sufficient evidence to support a finding that Plaintiffs' counsel did not conduct a reasonable and competent inquiry before filing suit. Rule 11 sanctions are therefore appropriate.

2. Sanctions Pursuant to 28 U.S.C. 1927

Defendant argues sanctions are also appropriate under 28 U.S.C. §1927 because Plaintiffs' counsel unreasonably multiplied the proceedings, causing Defendant to expend unnecessary time and resources defending baseless claims. ECF No. 14-1 at 8.

Pursuant to 28 U.S.C. §1927, "[a]ny attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. Section 1927 sanctions must be based on a finding of subjective bad faith. Pratt v. California, 11 F. App'x 833, 835 (9th Cir. 2001). Bad faith can be found when an attorney knowingly or recklessly raises a frivolous argument or raises an argument only to harass an opponent. Id.

Defendant contends that Plaintiffs' counsel unreasonably

5

maintained this action despite Defendant's clear show of evidence that the County of Sacramento was not the proper party for the claim and their claims against the County were without merit. ECF No. 14-1 at 7.  Defendant informed Plaintiffs' counsel of the error and asked them to amend their complaint and dismiss the County of Sacramento on six different occasions.  ECF No. 14-2 at Ex. A-H.  Plaintiffs' counsel disregarded Defendant's evidence and continued with the suit anyway.  Defendant argues it was unreasonable for Plaintiffs' counsel to support a factually baseless claim and to do so was reckless as further maintenance of the action was bound to impose unnecessary expenditure of time and resources both on the Court and the parties.  ECF No. 14-1 at 8.  Through Defendant's emails and letters, Defendant has sufficiently shown that Plaintiffs' counsel had notice of their error and recklessly refused to amend their complaint.  Instead, Plaintiffs' counsel maintained their erroneous position without any reasonably competent investigation for over 18 months, requiring Defendant's counsel to expend time and resources defending this frivolous claim.  ECF No. 14-1 at 8.  The Court finds that sanctions pursuant to 28 U.S.C. §1927 are also proper given the reckless maintenance of this frivolous suit.

    3. <u>Sanctions Pursuant to the Court's Inherent Powers</u>

The Court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." <u>Fink v. Gomez</u>, 239 F3d 989, 992.  Willful improper conduct includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."  <u>Id. at 994.</u>  For the same reasons that an award of

§1927 sanctions is appropriate, the Court finds that an award of sanctions pursuant to its inherent power is appropriate.

### 4. Attorney's Fees

The final issue is the amount of sanctions. Defendant requests sanctions in the form of attorney's fees and asks for $13,400. This Court finds in order to deter repetition of the conduct promulgated by Plaintiffs' counsel in bringing and maintaining this frivolous lawsuit, and in order to restore Defendant to the position it was in prior to defending this lawsuit, attorney's fees and costs are the proper form of sanctions.

The Court further finds that Defendant's counsel's hourly rate of $200 is reasonable but that the number of hours actually or anticipated to be spent is excessive and/or inapplicable. Defendant's counsel spent 39 hours researching, reviewing, and preparing the motion for summary judgment and the motion for sanctions in this case. They anticipated spending an additional 28 hours reviewing any oppositions and preparing replies; however, due to Plaintiffs' counsel untimely oppositions, Defendant's counsel did not need to spend additional time on these matters. Therefore, the Court reduces the amount of sanctions requested by Defendant's counsel to $7,800.

## III. ORDER

For the foregoing reasons, Defendant's Motion for Sanctions, pursuant to Rule 11, 28 U.S.C. §1927, and this Court's inherent powers, is GRANTED and Plaintiffs' counsel, including Kellie Walters, The Walters Law Firm, P.C., Timothy Reed, and the Law Office of Timothy Reed, jointly and severally, are ordered to pay

$7,800 in fees to Defendant County of Sacramento. Plaintiff's counsel shall provide proof of payment by filing a declaration with the Court confirming payment no later than August 31, 2022.

IT IS SO ORDERED.

Dated: August 10, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE