UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHKA LAMPKIN AND ROBERT CORTEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, M. SPANGER in his official capacity, and MATTHEW CORTEZ,<br><br>    Defendants. | No. 2:20-cv-01204-JAM-JDP<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO VACATE** |

This matter is before the Court on Plaintiffs' motion to vacate the Court's orders granting Defendant's motion for summary judgment and motion for sanctions. See Mot. to Vacate ("Mot."), ECF No. 28; Order Granting MSJ, ECF No. 25; Order Granting Sanctions, ECF No. 26.  For the reasons set forth below, the Court DENIES Plaintiffs' motion to vacate.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 1, 2022.

1

1                I.   FACTUAL AND PROCEDURAL BACKGROUND

2          As the facts are already known to the parties, the Court
3   repeats them only as necessary to explain its decision.
4   Plaintiffs sued Defendant County of Sacramento for constitutional
5   violations under 42 U.S.C. § 1983 based on the actions of co-
6   Defendant, Martha Spagner.[2]  See Compl., ECF No. 1.  Spagner is
7   and was employed by the Superior Court for State of California,
8   County of Sacramento.  See Decl. of Alice Kruegar, ECF No. 17-5.
9   The Superior Court and the County are separate entities.  Id.  As
10  such, Spagner was not and is not an employee of the County of
11  Sacramento.

12         Accordingly, the Court found as a matter of law that
13  Defendant County of Sacramento cannot be held liable under § 1983
14  for the alleged actions of an unrelated non-employee.  Order
15  Granting MSJ at 4-6.  The Court thus entered summary judgment for
16  Defendant County of Sacramento on all claims.  Id. at 6.  The
17  Court further found that Plaintiffs failed to conduct a
18  reasonably competent inquiry before filing their complaint and
19  that they recklessly maintained a factually baseless suit despite
20  repeated notice from opposing counsel.  Order Granting Sanctions
21  at 4.  The Court thus imposed sanctions in the form of attorney's
22  fees upon Plaintiffs' counsel.  Id. at 7.

23         Plaintiffs move now to vacate the Courts' orders under Fed.
24  R. Civ. P. 60(b)(1), arguing the Court's orders were based on
25  "mistake, inadvertence, surprise, or excusable neglect."  Mot. at
26  3.  The Court disagrees.

27

28  [2] Erroneously named as "Martha Spangner" in the Complaint.

2

## II. OPINION

### A. Legal Standard for Summary Judgment

Rule 60(b)(1) allows a court to vacate a final judgment that is based on "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1). The United States Supreme Court established a four-factor test to assess whether missing a filing deadline constitutes excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380. The Pioneer test is "an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id. at 395 (internal citation omitted). The Supreme Court emphasized, however, that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 392. In the Ninth Circuit, the Pioneer standard applies to Rule 60(b)(1) motions. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).

### B. Discussion

Plaintiffs assert that "[t]he basis for granting the Motions [at issue] is because the Court has chosen to disregard Plaintiff's untimely Responses." Mot. at 2. To the extent Plaintiffs suggest the Court was mistaken to have treated Plaintiffs' untimely opposition briefs as non-oppositions, that argument is groundless. The Court is explicitly permitted under

///

3

1  its Local Rules to treat untimely opposition filings as non-
2  oppositions.  E.D. Cal. L.R. 230(c).
3       To the extent Plaintiffs argue that the Court should vacate
4  its previous orders because Plaintiffs' untimeliness was
5  excusable neglect under Pioneer, Plaintiffs miss the mark of
6  Rule 60.  Mot. at 4 (discussing whether untimeliness is excusable
7  neglect).  While it is true that Plaintiffs were untimely and
8  that untimeliness may sometimes constitute excusable neglect,
9  Plaintiffs' particular brand of untimeliness had the unique
10 character of bearing no weight on the outcome of the Court's
11 orders.  The Court decided the motions on their merits and the
12 record before it.  Order Granting MSJ at 3 ("In the absence of an
13 opposition, the Court nevertheless decides a motion for summary
14 judgment on its merits"); Order Granting Sanctions at 1 ("The
15 Court has decided this motion for sanctions on its merits despite
16 the absence of an opposition").  Because Plaintiffs' untimeliness
17 was not the basis for the Court's orders, Plaintiffs'
18 untimeliness cannot support a motion to vacate the Court's orders
19 under Rule 60(b)(1), which only permits a court to relieve a
20 party from a final order for "reasons" of "excusable neglect."
21 Rule 60(b)(1).
22      Even if Plaintiffs' untimeliness was the basis for the
23 Court's orders such that Rule 60(b)(1) applied, it would not be
24 excusable neglect under Pioneer.  First, Defendant was prejudiced
25 by Plaintiffs' delay in filing their oppositions.  Plaintiffs
26 missed the Court's deadline to file an opposition to Defendant's
27 motion for summary judgment by 46 days and the deadline to file
28 an opposition to Defendant's motion for sanctions by 59 days.

E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed") (eff. March 1, 2022). Even under the Court's prior rule, Plaintiffs' oppositions would have been late for having been filed less than fourteen days preceding the date of the motion's hearing. Plaintiffs' delay deprived Defendant of its fairly allotted time to file a reply: The Local Rules provides "ten (10) days" for a reply to be filed "after the opposition was filed," but Defendant would have only had eight. E.D. Cal. L.R. 230(d). This prejudice may be small under different circumstances, but it is noteworthy here, where the case was factually baseless to begin with.

Regarding the second factor, the length of the delay was significant, but its potential impact on the proceedings was admittedly minimal. The motions were ultimately taken under submission and a hearing did not need to be rescheduled. However, as discussed above, because the present case is factually baseless, the inclusion of Plaintiffs' opposition briefings would also have had minimal impact on the Court's proceedings. As such, this factor does not militate strongly in Plaintiffs' favor.

Conversely, regarding the third factor, the Court finds Plaintiffs' reason for delay cuts strongly against a finding of excusable neglect. Plaintiffs were afforded an opportunity to show good cause for their untimeliness. See Pls.' Resp. to the Court's Order to Show Cause ("Resp."), ECF No. 21. In response to the Court's inquiry for good cause, Plaintiffs' counsel stated

that her office "relied on its own memory of the Local Rules" and thus "mistakenly believed the due date for the Responses to be ten days before the hearing." Resp. at 3 (emphasis added). Plaintiffs' untimeliness was not, as Plaintiffs contend, "the result of a misunderstanding of the local rules" so much as an ignorance of them. Id. Plaintiffs' counsel's error was clearly "within the reasonable control of the movant," because the Court's rules are publicly available, and a quick internet search would have sufficed. Pioneer, 507 U.S. at 395. As such, Plaintiffs' counsel had no reason to remain unaware of the Court's deadline except for her lack of trying.

Regarding the fourth and final factor, the Court finds Plaintiffs' counsel did not act in bad faith. There is nothing in the record to suggest that Plaintiffs' counsel's behavior was tactical or calculated to effect some advantage in litigation. By the same measure, however, the Court cannot say Plaintiffs' counsel acted in good faith, as her ignorance of the Court's rules explanation borders on the willful. On the whole, balancing the Pioneer factors, Plaintiffs' counsel's behavior does not constitute excusable neglect.

The Court's analysis is consistent with precedent in this Circuit. As the Ninth Circuit held, in the absence of "a persuasive justification for [counsel's] misconstruction of nonambiguous rules . . . there is no basis from deviating from the general rule that a mistake of law does not constitute excusable neglect." Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir. 1994). This general rule keeps faith with the Supreme Court's emphasis in Pioneer that "inadvertence, ignorance

6

of the rules, or mistakes construing the rules <u>do not usually</u> constitute 'excusable' neglect." <u>Pioneer</u>, 507 U.S. at 392 (emphasis added). A litigants' egregious failure to research, read, and follow clear and unambiguous rules is only excusable neglect when countervailing circumstances allow for it in equity. See <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379 (9th Cir. 1996) (vacating and remanding a district court's denial of a Rule 60(b)(1) motion where the litigant was pro se and had difficulty with English); <u>Bateman v. United States Postal Serv.</u>, 231 F.3d 1220 (9th Cir. 2000) (finding excusable neglect where a lawyer was out of the country and jetlagged upon return); <u>Lemoge v. United States</u>, 587 F.3d 1188 (9th Cir. 2009) (finding excusable neglect where a lawyer delayed due to injury requiring multiple surgeries and extensive surgery). It is plainly the exception and not the rule that a lawyer's neglectful behavior is excusable under the auspices of <u>Pioneer</u>.

It would be a particularly perverse incentive to grant Plaintiffs' motion to vacate in this instance, because it would open the door to all tardy filers to challenge final orders even when their tardiness had no material impact on the outcome of their case. For this reason and for the reasons above, the Court finds that Rule 60(b)(1) does not apply and that, if it did, Plaintiffs' untimeliness would not constitute excusable neglect under the <u>Pioneer</u> test. Accordingly, the Court denies Plaintiffs' motion to vacate its prior orders.

### III.   SANCTIONS

Defendant requested additional sanctions in the amount of $4,500 in attorney's fees for work done preparing its opposition

7

to Plaintiff's motion to vacate.  Opp'n at 9.  The Court declines to impose these additional sanctions. While Plaintiffs' counsel's stubborn refusal to accept the Court's prior orders in this case is of concern, this motion to vacate does not appear to have been brought in bad faith such that additional sanctions are warranted.

## IV.   ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion to Vacate.

IT IS SO ORDERED.

Dated: November 28, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE