UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHKA LAMPKIN AND ROBERT CORTEZ,<br><br>     Plaintiffs,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, M. SPANGER in his official capacity, and MATTHEW CORTEZ,<br><br>     Defendants. | No. 2:20-cv-01204-JAM-JDP<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO WAIVE BOND** |

Plaintiffs come now before the Court seeking an order waiving supersedeas bond under Fed. R. Civ. P. 62(b)[1] or, in the alternative, an order approving bond. Mot. to Waive Bond ("Mot.") at 1, ECF No. 30. Defendant opposes the motion. Opp'n, ECF No. 35. Plaintiffs replied. Reply, ECF No. 39. For the reasons set forth below, the Court DENIES Plaintiffs' motion to waive bond.[2]

---

[1] Plaintiffs cited Fed. R. Civ. P. 62(d), but, pursuant to an amendment in 2018, 62(d) is now 62(b). Committee Notes on Rules – 2018 Amendment.

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 1, 2022.

1

I.   OPINION

A.   <u>Legal Standard</u>

Pursuant to Rule 62(b), a party may stay an execution of a judgment pending appeal by posting a supersedeas bond with the Court.  <u>See</u> <u>Vacation Vill., Inc. v. Clark Cty., Nev.</u>, 497 F.3d 902 (9th Cir. 2007)).  Upon posting a supersedeas bond acceptable to the Court, the moving party receives a stay "as a matter of right."  <u>Matter of Combined Metals Reduction Co.</u>, 557 F.2d 179, 193 (9th Cir. 1977); <u>Hardesty v. Sacramento Metropolitan Air Quality Management District</u>, No. 2:10-cv-02414-KJM-KJN, 2019 WL 2715616, at *3 (E.D. Cal. June 28, 2019)(characterizing Rule 62(b) as a "purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision").  Local Rule 151 generally requires a bond in the amount of 125 percent of the judgment amount.  E.D. Cal. L.R. 151(d) (citing Fed. R. Civ. P. 62).

A party seeking a waiver of Rule 62(b)'s bond requirement must "objectively demonstrate" the reasons for departing from the usual requirement of a full supersedeas bond.  <u>Cotton v. City of Eureka</u>, 860 F. Supp. 2d 999, 1028 (N.D. Cal. Mar. 16, 2012). "Courts in the Ninth Circuit regularly use the <u>Dillon</u> factors in determining whether to waive the bond requirement." <u>Kranson v. Fed. Express Corp.</u>, No. 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013).

The <u>Dillion </u>factors include: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of

1 funds to pay the judgment; (4) whether the defendant's ability to
2 pay the judgment is so plain that the cost of a bond would be a
3 waste of money; and (5) whether the defendant is in such a
4 precarious financial situation that the requirement to post a
5 bond would place creditors of the defendant in an insecure
6 position. Dillon v. City of Chicago, 866 F.2d 902, 904-905 (7th
7 Cir. 1988) (internal citations and quotation marks omitted).
8 Upon a satisfactory showing of the Dillion factors, the Court may
9 exercise its inherent discretionary authority over supersedeas
10 bonds to waive the bond requirement. Rachel v. Banana Republic,
11 Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)(discussing the
12 Court's inherent authority over supersedeas bonds).

  B.  Discussion

  The Court finds that Plaintiffs have failed to objectively demonstrate sufficient reasons supporting waiver of Rule 62(b)'s bond requirement. Plaintiffs' motion fails to address any of the Dillon factors initially. Plaintiffs also provide no justification as to why the bond requirement should be waived beyond the assertion that it is within the Court's power to do so. See Mot. at 1-3.

  On reply, Plaintiffs make new arguments. Though it is improper to raise arguments for the first time in a reply brief, the Court will consider Plaintiffs' arguments because, given the Court's denial of the motion, doing so would not prejudice the Defendant. See M.H. v. Cty. of Alameda, 90 F. Supp. 3d 889, 895 (N.D. Cal. 2013) (exercising discretion to consider "improperly made new arguments in . . . [the] reply brief" when the non-moving party would not be prejudiced).

Plaintiffs contend that the Court should waive the bond requirement because Plaintiffs' motion to vacate is pending. This argument is unavailing because the Court has already denied Plaintiffs' motion to vacate. See Order Denying Motion to Vacate, ECF No. 42.

Plaintiffs next argue that a waiver of the bond requirement is appropriate because "the requirement would put [Plaintiffs'] other creditors in undue jeopardy." Reply at 3, citing Cotton ex rel. McClure v. City of Eureka, Cal., 860 F. Supp. 2d 999 (N.D. Cal. 2012). Plaintiffs assert that, if forced to pay the sanctions award, "Plaintiffs' Counsel's office will be unable to pay the current and overdue invoices required to continue working." Reply at 4. Although this implicates the fifth Dillon factor in Plaintiffs' favor, the Court must still deny this motion in light of the other Dillon factors.

Assuming arguendo that Plaintiffs' counsel cannot afford to pay both the sanction and the costs of running her office, the Court must conclude that it has little confidence in the availability of funds to pay the judgment and that Plaintiffs' "ability to pay the judgment" is not "so plain that the cost of a bond would be a waste of time." Dillon, 866 F.2d at 904-905. Moreover, as Defendant points out, because Plaintiffs' counsel is appearing pro hac vice, there is greater complexity and time necessary in the process to collect the judgment. Id. As such, the remaining four Dillon factors militate against waiving a bond.

In the absence of a waiver, Plaintiffs request that the Court approve a supersedeas bond in the amount of $9,750.00,

4

which is 1.25 times the judgment ordered at ECF No. 26.  This amount is in line with the Court's Local Rules.  E.D. Cal. L.R. 151(d) (requiring a bond in the amount of 125 percent of the judgment).  However, because Plaintiffs have not filed a proposed bond instrument, there is presently nothing before the Court to approve.

ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion to Waive Bond.

IT IS SO ORDERED.

Dated: November 29, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE