UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHKA LAMPKIN, *et al.*, | Case No. 2:20-cv-01204-JAM-JDP |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BE DENIED |
| v. | |
| COUNTY OF SACRAMENTO, *et al*., | ECF No. 49 |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiffs Trishka Lampkin and her son, Robert Cortez, commenced this action against defendants County of Sacramento and Martha Spagner for disclosing plaintiff Lampkin's address to her former partner and abuser, defendant Matthew Cortez. ECF No. 1. This matter is now before the court on plaintiffs' motion for default judgment against defendant Cortez. ECF No. 49. I recommend that their motion be denied.

**Background**

Plaintiffs allege that defendant Spagner—a deputy clerk for the Superior Court of California for the County of Sacramento, *see* ECF No. 26 at 2—inadvertently divulged Lampkin's address to defendant Matthew Cortez. ECF No. 1 at 4. Defendant Cortez is Lampkin's former partner and the biological father of plaintiff Robert Cortez. *Id.* According to plaintiffs, he is serving a life sentence for inflicting serious physical harm on Lampkin and has

1

indicated his intention to locate Lampkin upon his release. *Id.*

Plaintiffs allege four claims styled as: (1) violation of substantive due process under 42 USC § 1983; (2) *Monell* liability under 42 USC § 1983; (3) declaratory relief; and (4) injunctive relief against defendant Cortez. ECF No. 1. On August 10, 2022, the presiding district judge granted defendant County of Sacramento's motion for summary judgment. ECF No. 25. The district judge explained that because defendant Spagner is an employee of the state of California, not Sacramento County, plaintiffs have not alleged any state action on the part of defendant County. *Id.* at 4-5.

Defendant County thereafter moved for entry of final judgment, arguing that Spagner and Cortez should be *sua sponte* dismissed for failure to prosecute because neither party was ever served. ECF No. 27. Plaintiffs responded with a statement of non-opposition as to the dismissal of defendants County and Spagner, but they opposed the dismissal of defendant Cortez and provided proof that he was properly served with the complaint on August 19, 2020. ECF Nos. 32 & 32-1. On November 29, 2022, the district judge dismissed defendant Spagner from the case in accordance with plaintiffs' concession to dismissal. ECF No. 43.

Cortez is thus the lone remaining defendant. He has not filed an answer or otherwise appeared in this case. Plaintiffs now move for default judgment against him. ECF No. 49.

**Legal Standard**

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the

2

1   Federal Rules of Civil Procedure favoring decisions on the merits.
2   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary
3   standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v.*
4   *Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-*
5   *Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

6   Generally, once default is entered "the factual allegations of the complaint, except those
7   relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826
8   F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th
9   Cir. 1977)).  However, "necessary facts not contained in the pleadings, and claims which are
10  legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d
11  1261, 1267 (9th Cir. 1992).

12  **Discussion**

13  As an initial matter, plaintiffs failed to move for a clerk's entry of default prior to filing
14  their motion for default judgment.  Rule 55 provides a two-step process for seeking entry of
15  default judgment.  First, a party must seek entry of defendant's default from the clerk of court.
16  Fed. R. Civ. P. 55(a).  Then, once default is entered, the plaintiff may move for default judgment.
17  Fed. R. Civ. P. 55(b); *see Syantec Corp. v. Global Impact*, Inc., 559 F.3d 922 (2009).  Where, as
18  here, plaintiffs failed to follow the two-step process, courts deny motions for default judgment.
19  *See Marty v. Green*, No. 2:10-cv-1823-KJM-KJN, 2011 WL 320303, at *3 (E.D. Cal. Jan.28,
20  2011); *Leubner v. Cnty. of San Joaquin*, No. 2:08-CV-0853 GEB JFM, 2012 WL 530192, at *1
21  (E.D. Cal. Feb. 17, 2012).

22  Even if plaintiffs had followed the two-step process, their motion would be denied.  They
23  do not address the *Eitel* factors or otherwise provide substantive argument as to why default
24  judgment is proper in this instance.  Rather, in addition to reciting the facts showing that Cortez
25  failed to appear, their motion states only the following:

26  > Plaintiff is entitled to judgment against Matthew Cortez on account
27  > of the claims pleaded in the Complaint, namely that he is Plaintiff
28  > Lampkin's former partner and Plaintiff Cortez's biological father.
    > He is currently serving a life sentence after being convicted of
    > inflicting massive physical harm upon Plaintiff Lampkin.  On or

>about June 17, 2019, the Superior Court for the County of Sacramento provided Defendant with Plaintiff Lampkin's residential address and he has reached out to Plaintiff Cortez to inform him that he now knows where Plaintiff Lampkin lives. Further, Defendant has previously indicated that he intends to locate LAMPKIN upon his release. The Defendant's disclosure has put Plaintiff's safety at risk.
>
>Plaintiff seeks injunctive relief in the form of a lifetime injunction against Defendant Cortez, prohibiting him from making any contact with her, directly or indirectly.

*Id.* at 3.

Plaintiffs, however, do not allege that defendant Cortez violated their civil rights. Beyond stating that he expressed his intent to locate Lampkin upon his release, the complaint attributes no conduct to Cortez.[1] The sole alleged violation of their rights is defendant Spagner's purportedly wrongful disclosure of their address to Cortez. They allege that this disclosure amounts to a violation of their Fourteenth Amendment due process rights, and they claimed that the County and defendant Spagner were liable under 42 USC § 1983.[2] In the absence of any alleged conduct, the complaint does not state a due process claim against Cortez.[3]

Plaintiffs' lone remaining claim is for injunctive relief against defendant Cortez. A permanent injunction is a remedy, not a stand-alone claim. *See Jensen v. Quality Loan Svc. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."). Even if I construed this claim as derivative of their substantive due

---

[1] Cortez's purported criminal conviction is not before the court and provides no basis for this court's jurisdiction.

[2] Their complaint presents these allegations as three claims: violation of substantive due process, *Monell* liability, and declaratory relief. The latter two claims—for *Monell* liability and declaratory relief—allege only that the County is liable for Spagner's violation of their substantive due process rights. *See* ECF No. 1 at 5-8; *cf. Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978) (providing that municipalities can be sued under 42 U.S.C. § 1983 for an unconstitutional custom, policy, or practice); *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 F. App'x 680, 684 (9th Cir. 2014) ("Declaratory relief [is a] remed[y], not a cause of action."). The district judge granted the County's motion for summary judgment as to these claims, and they are no longer before the court. ECF No. 25.

[3] Even if plaintiffs had alleged some relevant conduct, they provide no basis on which to conclude that Cortez—a private person—acted "under color of state law," 42 U.S.C. § 1983, at any relevant time. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

process claim, plaintiffs have not shown that they are likely to succeed on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("[P]laintiff[s] seeking a preliminary injunction must establish that [they are] likely to succeed on the merits . . . .").

The absence of any cognizable claims against defendant Cortez is fatal to their motion for default judgment. *See Cripps*, 980 F.2d at 1267 ("[L]egally insufficient claims[] are not established by default."); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment.").

For the reasons stated above, it is hereby RECOMMENDED that plaintiff's motion for default judgment, ECF No. 12, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   February 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE