UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHKA LAMPKIN and ROBERT CORTEZ,<br><br>          Plaintiffs,<br><br>     v.<br><br>SUPERIOR COURT OF CALIFORNIA and MATTHEW CORTEZ,<br><br>          Defendants. | No.  2:20-cv-01204-JAM-JDP<br><br>**ORDER GRANTING MOTION TO DISMISS, DENYING LEAVE TO AMEND, AND ORDERING SANCTIONS** |

I.    PROCEDURAL BACKGROUND

Before the Court is defendant Superior Court of California's ("Superior Court") motion to dismiss ("Motion") Trishka Lampkin and Robert Cortez's ("Plaintiffs") first amended complaint ("FAC").  See Mot., ECF No. 66.  Superior Court argues the Court lacks subject matter jurisdiction over it under the Eleventh Amendment.  Id.  Superior Court requests the Court dismiss the claims against it without leave to amend or, in the alternative, strike Plaintiffs' allegations related to Superior Court.  Id.  Plaintiffs filed a nonopposition, agreeing that the Eleventh Amendment bars suit against Superior Court.  Nonopp'n, ECF

1

1  No. 67.  Plaintiffs concede to dismissal of the suit as to

2  Superior Court, however, request leave to amend the FAC to add a

3  Superior Court official in his or her official capacity as a new

4  party.  Id. at 3:1-2.  Plaintiffs have not identified the

5  official they seek to add, nor have they provided a copy of a

6  proposed second amended complaint.  Superior Court filed a reply,

7  twelve (12) pages in length, opposing Plaintiffs' request for

8  leave to amend.  Reply, ECF No. 68.

9       Given Plaintiffs' concession that Superior Court should be

10  dismissed, the Court GRANTS Superior Court's motion to dismiss

11  claims against it with prejudice.  For the reasons set forth

12  below, the Court DENIES Plaintiffs' request for leave to amend.

13                          II.   OPINION

14     A.   Parties' Failure to Comply with Court Orders and Local Rules

15       Upon review of the Motion, documents filed in support of the

16  Motion, and Plaintiffs' request for leave to amend, the parties

17  have failed to comply with prior orders of the Court and this

18  District's Local Rules.  Pursuant to Local Rule 110, the failure

19  of a party to comply with any order of the Court or the Local

20  Rules may be grounds for the imposition of sanctions.  The Court

21  addresses the violations below.

22     1.   Plaintiffs' Addition of Superior Court as a Defendant

23       On March 29, 2023, the Court issued an order dismissing

24  Plaintiffs' claims against defendant Matthew Cortez.  Order

25  Denying Pls.' Mot. for Default Judgment, ECF No. 59.  The order

26  stated, "plaintiffs' claims against Cortez are dismissed with

27  leave to amend for failure to state a claim."  Id. at 2:3-4.

28  Further, the Court ordered, "Plaintiffs are granted thirty days

1   from the date of this order to file and serve an amended

2   complaint if they so choose. If Plaintiffs conclude that there

3   are no claims that can be brought against Matthew Cortez they

4   should so inform the Court and this matter will be closed." <u>Id.</u>

5   at 2:10-12.

6       Plaintiffs argue the March 29, 2023 order "did not restrict

7   the amendment to only the claims of Cortez." Nonopp'n at 4:19-

8   20. The Court disagrees. The order was specific in allowing

9   Plaintiffs to cure deficiencies as to the claims against Matthew

10  Cortez only. "When the language of an order clearly states that

11  a plaintiff may only amend to address certain deficiencies

12  identified in the order, courts have held that a plaintiff is

13  barred from adding new claims or parties." <u>Jameson Beach Prop.</u>

14  <u>Owners Ass'n v. United States</u>, No. 2:13-CV-01025-MCE-AC, 2014 WL

15  4925253, at *4 (E.D. Cal. Sept. 29, 2014) (citing <u>Benton v. Baker</u>

16  <u>Hughes</u>, No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D.

17  Cal. June 30, 2013), aff'd sub nom. Benton v. Hughes,

18  623 F. App'x 888 (9th Cir. 2015) and <u>DeLeon v. Wells Fargo Bank,</u>

19  <u>N.A.</u>, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal.

20  Oct. 22, 2010). Plaintiffs, however, amended their complaint to

21  add Superior Court as a new party. <u>See</u> FAC. By adding a new

22  party, Plaintiffs did not comply with the Court's March 29, 2023

23  order. Given Plaintiffs' concession to dismissal of Superior

24  Court, the Court does not find sanctions are warranted at this

25  time.

26  ///

27  ///

28  ///

3

1      2. <u>Plaintiffs' Failure to Provide the Court a Copy of Their</u>

2         <u>Proposed Second Amended Complaint</u>

3          Federal Rules of Civil Procedure Rule 15(a) governs the

4    amendment of pleadings and applies where a plaintiff "expressly

5    requests" to amend their complaint.  <u>Balistreri v. Pacifica</u>

6    <u>Police Dep't</u>, 901 F.2d 696, 701 (9th Cir. 1988).  A plaintiff's

7    request does not have to be through separate formal motion.  <u>Id.</u>

8    Here, Plaintiffs' nonopposition requests leave to amend the FAC.

9    <u>See</u> Nonopp.  Although Plaintiffs' request is not by formal

10   motion, the Court finds Plaintiffs' express request in their

11   nonopposition as sufficient.

12         Under Local Rule 137(c), if filing a document requires leave

13   of court, such as an amended complaint, counsel shall attach the

14   document proposed to be filed as an exhibit.  "When a party fails

15   to comply with Local Rule 137(c), the party's request should be

16   denied."  <u>Herrera v. California Highway Patrol</u>, No.

17   115CV01882TLNSAB, 2017 WL 590244, at *2 (E.D. Cal. Feb. 14,

18   2017); <u>See also</u>  <u>Waters v. Weyerhaeuser Mortg. Co.</u>, 582 F.2d 503,

19   507 (9th Cir. 1978) (stating it is the discretion of the court to

20   deny leave to amend for failure to comply with a local rule

21   requiring the proposed amendment be attached).

22         Here, Plaintiffs failed to attach a copy of their proposed

23   second amended complaint.  From review of their request for leave

24   to amend, it appears Plaintiffs' second amended complaint may

25   simply swap out Superior Court from the FAC with an unnamed

26   Superior Court official.  <u>See</u> Nonopp'n at 11-12.  However, the

27   Court cannot make rulings based on mere assumptions and

28   speculations of what the amendments may be.  Absent a copy of the

4

1  proposed pleading, the court cannot determine whether their

2  second amended complaint meets the procedural and substantive

3  requirements of Rule 15.  The Plaintiffs' request for leave to

4  amend the FAC is DENIED.

5      3.   <u>Superior Court's Twelve (12) Page Reply Memoranda</u>

6      Separately, Superior Court filed a twelve (12) page reply

7  memoranda.  <u>See</u> Reply.  Superior Court exceeded the Court's five

8  (5) page limit on reply memoranda.  Order re Filing Requirements,

9  ECF No. 4-2.  Violations of the Court's standing order require

10 the offending counsel (not the client) to pay $50.00 per page

11 over the page limit to the Clerk of the Court.  <u>Id.</u>  Moreover,

12 the Court will not consider arguments made past the page limit.

13 <u>Id.</u>

14                          III. ORDER

15     For the reasons set forth above, the Court GRANTS Superior

16 Court's Motion to Dismiss claims against it WITH prejudice.  The

17 Court DENIES Plaintiffs' request for leave to amend the FAC.

18 Further, Superior Court is sanctioned $350.00 payable to the

19 Clerk for the Eastern District of California no later than seven

20 (7) days from the date of this order.

21     IT IS SO ORDERED.

22 DATED: January 2, 2024

23

24                              _____

25                              JOHN A. MENDEZ
                               SENIOR UNITED STATES DISTRICT JUDGE

26

27

28

                              5