UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHKA LAMPKIN, *et al.*, | Case No. 2:20-cv-1204-JAM-JDP |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SUPERIOR COURT OF CALIFORNIA, *et al.*, | |
| Defendants. | |

Plaintiffs Trishka Lampkin and Robert Cortez's first amended complaint alleges claims against defendants Superior Court of Sacramento County and Matthew Cortez for disclosing plaintiff Lampkin's address to Cortez, her former partner and abuser.[1] ECF No. 60. The court dismissed defendant Superior Court following a successful motion to dismiss. ECF No. 70. With defendant Matthew remaining as the sole defendant, plaintiffs now move for default judgment again him. ECF No. 77. I recommend that their motion be denied, the court decline to exercise supplemental jurisdiction over plaintiffs' harassment claim against Cortez, and that claim be dismissed without prejudice to refiling in state court.

---

[1] Considering that plaintiff Robert Cortez and defendant Matthew Cortez have the same last name, the court will refer to those parties by their first names.

1

**Background**

Lampkin and Robert, a mother and son, brought this action against defendants for disclosing Lampkin's address to Matthew, Lampkin's former partner and Robert's biological father. ECF No. 60 at 2. Specifically, plaintiffs allege that this disclosure occurred when a copy of a court order concerning Robert was sent to Lampkin and Matthew, which included Lampkin's address. *Id.* at 3. Matthew is serving a life sentence for inflicting serious physical harm on Lampkin and has indicated his intention to locate Lampkin upon his release. *Id.* at 2.

Plaintiffs' initial complaint alleged claims against the County of Sacramento, M. Spagner (a court clerk), and Matthew Cortez for violations of substantive due process, *Monell* liability under 42 U.S.C. 1983, and declaratory relief. ECF No. 1. The court previously granted Sacramento County's motion for summary judgment, entered judgment in that defendant's favor, and dismissed plaintiff's claims against Spagner. ECF Nos. 25 & 43. The court also ordered plaintiffs to show cause why Matthew should not be dismissed based on their failure to prosecute. *Id.* In response to the court's order, plaintiffs moved for default judgment against Matthew. ECF No. 49. The court denied the motion and dismissed the claims against Matthew with leave to amend. ECF No. 59.

Plaintiffs filed a first amended complaint alleging claims against Matthew and the Superior Court of Sacramento County for violations of substantive due process, declaratory relief, and violation of California Code of Civil Procedure section 527.6 (civil harassment). ECF No. 60. The Superior Court filed a motion to dismiss, which the court granted. ECF No. 70. The court then issued another order to show cause why Matthew should not be dismissed for failure to prosecute. ECF No. 71. Plaintiffs now move for default judgment against Matthew on their harassment claim, their only remaining claim.[2] ECF No. 77.

---

[2] A fair reading of the first amended complaint is that plaintiffs' California civil harassment claim is brought only against Matthew and their remaining claims are asserted only against the Superior Court. *See* ECF No. 60. To the extent that plaintiffs intended to allege their § 1983 claim and related claim for declaratory relief against Matthew, those claims would be subject to dismissal as the complaint provides no basis on which to conclude that Matthew—a private individual—was acting "under color of state law." *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

2

**Legal Standard**

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). In deciding a motion for default judgment, a "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

In a civil action where a district court has original jurisdiction but the claims over which the federal court has original jurisdiction are abandoned or dismissed, the court "may decline to exercise supplemental jurisdiction" over the related state law claims. 28 U.S.C. § 1367(c). The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925, 64 F. App'x 60 (9th Cir. 2003). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Parra v. PacifiCare of Ariz. Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining claims.").

**Discussion**

Plaintiffs seek default judgment against Matthew and an injunction prohibiting him from contacting Lampkin pursuant to Cal. Code Civ. Proc. § 527.6. ECF No. 77 at 8-9. Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties. *See In re Tuli*, 172 F.3d at

---

Accordingly, the court considers the first amended complaint to allege a singular claim under California Civil Procedure Code section 527.6 against Matthew.

3

712.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may have original jurisdiction over a matter based on federal question jurisdiction or diversity jurisdiction and may extend supplemental jurisdiction over related state law claims. *See* 28 U.S.C. §§ 1332, 1367. Here, the sole remaining claim in this matter is based on state law, and diversity jurisdiction is not satisfied, because all parties are alleged to reside in California. ECF No. 60 at 1-2; U.S.C. § 1332; *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996) (parties are diverse only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant"). As a result, the court may reach the merits of plaintiffs' harassment claim only if supplemental jurisdiction is appropriate.

Supplemental jurisdiction is a doctrine of discretion, not one of right. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997). In considering whether to exercise supplemental jurisdiction, "a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (internal quotations and alterations omitted); *Desert Valley Landscape*, 333 F.3d at 925. Where all federal claims are dismissed before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7.

I recommend that the court decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claim. Plaintiffs' federal claims, over which this court had original jurisdiction, have all been dismissed. *See* ECF No. 70. In addition, considerations of judicial economy, fairness, and comity weigh also against the exercise of supplemental jurisdiction.

First, comity weighs in favor of declining to exercise supplemental jurisdiction over plaintiffs' state law harassment claim. Section 527.6 of the California Code of Civil Procedure "was enacted to provide an expedited procedure for preventing 'harassment' as defined." *Byers*

4

*v. Cathcart*, 67 Cal. Rptr. 2d 398, 402 (Ct. App. 1997).  This section "provides for temporary restraining orders to handle immediate problems, followed quickly by a court hearing on a limited-scope antiharassment injunction—normally within 15 days, but in no case more than 22 days even if time is extended for good cause." *Id.* at 402-03 (citing Cal. Code Civ. Proc. § 527.6(c)-(d)).  Section 527.6 "does not allow for final resolution of disputed rights." *Byers*, 67 Cal. Rptr. at 403.

Declining to exercise supplemental jurisdiction in this instance promotes comity by enabling the Superior Court to decide questions of California law and issues relating to its cases.  Here, plaintiffs seek an injunction against Matthew "prohibiting him from making any contact with [Lampkin], directly or indirectly."  ECF No. 77.  This is because Matthew allegedly learned of Lampkin's address when a copy of a court order from the juvenile division of the Superior Court concerning Robert was sent to both Lampkin and Matthew, as both maintain parental rights with respect to Robert.  ECF No. 60 at 3.  Considering the family law issues involving the three remaining parties here, which may touch on what contact, if any, would be appropriate, the Superior Court remains a more suitable forum.  *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (holding that domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation.'  For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter.").

The factors of judicial economy and convenience also weigh in favor of declining supplemental jurisdiction.  The harassment claim against Matthew has not been the subject of significant litigation, and, because the parties all reside in California, federal and state courts are similarly convenient for the parties.  *See* ECF No. 60 at 1-2.  As to fairness, 28 U.S.C. § 1367(d)'s provision that the applicable period of limitations shall, at minimum, "be tolled while the claim is pending and for a period of 30 days after it is dismissed," means that plaintiffs will not suffer any undue prejudice to their ability to reassert their state-law claim in state court.  *See,*

5

1  *e.g.*, *Bain v. Film Indep., Inc.*, No. CV 18-4126 PA (JEMX), 2020 WL 5491314, at *7 (C.D. Cal.
2  Aug. 6, 2020), *aff'd*, No. 20-55948, 2022 WL 17592422 (9th Cir. Dec. 13, 2022).

3      The dismissal of all federal claims in a matter is "a powerful reason to choose not to
4  continue to exercise jurisdiction" over a remaining state law claim. *Ochoa v. T-Mobile USA, Inc.*,
5  No. 20-CV-02306-JST, 2020 WL 4050503, at *3 (N.D. Cal. July 20, 2020) (quoting *Carnegie*
6  *Mellon*, 484 U.S. at 351). For the reasons outlined above, I recommend that the court decline to
7  exercise supplemental jurisdiction over plaintiffs' state law harassment claim. *See Karkanen v.*
8  *California*, No. 17-CV-06967-YGR, 2018 WL 3820916, at *5 (N.D. Cal. Aug. 10, 2018)
9  (declining to address section 527.6 civil harassment claim when all federal claims failed).

10     Accordingly, it is hereby RECOMMENDED that:

11     1. Plaintiff's motion for default judgment, ECF No. 77, be DENIED.

12     2. The court decline to exercise supplemental jurisdiction over plaintiff's state law claim
13 against defendant Matthew Cortez.

14     3. Plaintiff's state law claim against defendant Matthew Cortez be DISMISSED without
15 prejudice to refiling in state court.

16     4. The Clerk of Court be directed to close this action.

17     These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
19 service of these findings and recommendations, any party may file written objections with the
20 court and serve a copy on all parties. Any such document should be captioned "Objections to
21 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
22 within fourteen days of service of the objections. The parties are advised that failure to file
23 objections within the specified time may waive the right to appeal the District Court's order. *See*
24 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
25 1991).

26
27
28

IT IS SO ORDERED.


Dated:   February 9, 2025  

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE